Rodriguez v Bronx County Pub. Adm'r (2024 NY Slip Op 06554)

Rodriguez v Bronx County Pub. Adm'r

2024 NY Slip Op 06554

Decided on December 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 24, 2024

Before: Kern, J.P., Singh, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 32804/19 Appeal No. 3321-3322 Case No. 2024-01911, 2024-03237 

[*1]Shannyn Rodriguez, Respondent,
v
Bronx County Public Administrator, etc., Appellant, Park South Medical, PLLC, Respondent. 

Dwyer & Taglia, Valhalla (Gary Dwyer of counsel), for appellant.
Trief & Olk, New York (Ted Trief of counsel), for Shannyn Rodriquez, respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about February 2, 2024, which, to the extent appealed from, denied defendant Public Administrator's request for an independent medical examination (IME) of plaintiff, unanimously affirmed, without costs. Order, same court and Justice, entered on or about April 18, 2024, which, to the extent appealed from and appealable, denied the Public Administrator's motion to renew its request for an IME of plaintiff, unanimously reversed, on the law and the facts, without costs, the motion to renew granted, and, upon renewal, the request for an IME of plaintiff granted.
The Public Administrator waived its right to an IME of plaintiff by failing to comply with the court's order and designate an examining physician by July 2021. However, plaintiffs' February 5, 2024 disclosure that she had been examined by an expert and had received previously undisclosed counseling and dermatological care, which was made four days before she filed the note of issue, entitled the Public Administrator to an IME of plaintiff (see Orsos v Hudson Tr. Corp., 95 AD3d 526, 526 [1st Dept 2012]). Plaintiffs did not comply with Uniform Rules for Trial Courts (22 NYCRR) § 202.17 (g) (see Drame v Ambulette P.R.N., Inc., 137 AD3d 631 [1st Dept 2016]), in that they did not identify a time and place where further examination may be had, and the Public Administrator timely moved to vacate the note of issue and request the IME.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 24, 2024